UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CUONG NGUYEN,

Plaintiff,

v.

JOAN OKWOSE, d/b/a JOJOXGIFTS,

Defendant.

--------------------------------------------------------X

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND MISREPRESENTATION UNDER 17 U.S.C. § 512(f)**

Case No. ______________

## COMPLAINT

Plaintiff Cuong Nguyen ("Plaintiff"), by his undersigned counsel, alleges as follows against Defendant Joan Okwose, d/b/a jojoxgifts ("Okwose" or "Defendant"):

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and for knowing misrepresentation in a counter-notification under 17 U.S.C. § 512(f). Plaintiff is the author and registered copyright owner of four original felt children's activity books, marketed as "busy books" and "quiet books" (the "Subject Works"). Okwose sells unauthorized copies of the Subject Works to consumers in the United States through her online storefront on the Etsy marketplace.

2. Okwose operates the Etsy storefront "jojoxgifts" from Walsall, United Kingdom. On September 10, 2026, Plaintiff's counsel notified Etsy, Inc. ("Etsy") of seven of Okwose's listings that reproduce the Subject Works. Okwose responded with a counter-notification in which she swore, under penalty of perjury, that the listings had been removed "by

mistake or because of misidentification," and in which she consented to the jurisdiction of this Court. Etsy then permitted the listings to be reinstated. After further written notice from Plaintiff's counsel, Okwose continues to sell copies of the Subject Works: on October 16, 2026, her listing was marked "Bestseller" and reported that "29 people bought this in the last 24 hours."

3. The copies Okwose sells do not merely resemble the Subject Works; they reproduce Plaintiff's original designs, page by page, often changing nothing more than the personalized name on the cover. Plaintiff seeks to stop that infringement, to recover statutory damages and attorney's fees, and to obtain a judgment on which online marketplaces can act.

## II. PARTIES

4. Plaintiff Cuong Nguyen, also known as Cuong Tien Nguyen and writing under the pseudonym "Leo Corners," is an individual residing in Hanoi, Vietnam. Plaintiff designs, authors, and sells felt children's activity books through online marketplaces, including Etsy.

5. Defendant Joan Okwose is an individual who, on information and belief, resides at 32 Lichfield Street, Walsall WS1 1TJ, United Kingdom, the address she provided in her counter-notification. Okwose operates the Etsy storefront "jojoxgifts" at https://www.etsy.com/shop/jojoxgifts.

## III. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

7. This Court has personal jurisdiction over Okwose by her consent. To obtain reinstatement of her listings, Okwose submitted a counter-notification under 17 U.S.C. § 512(g)(3) in which she stated: “I consent to the jurisdiction of Federal Court for the judicial district in which I am located, or if my address is outside of the United States, for any judicial district in which Etsy is located, and that I will accept service of process from the person who provided the original notification or an agent of such person.” (Ex. C.) Okwose's address is outside the United States. Etsy's principal place of business and its designated agent for notifications of claimed infringement are located at 117 Adams Street, Brooklyn, New York 11201, in this District. See *Nguyen v. Hu*, No. 3:25-cv-10356-JSC, at 3–4 (N.D. Cal. Aug. 10, 2026), ECF No. 42 (finding that a foreign Etsy seller, by his DMCA counter-notification, “consented to jurisdiction in the Eastern District of New York, which encompasses Brooklyn”), *amended*, ECF No. 44 (N.D. Cal. Sept. 9, 2026) (transferring action to this District).

8. Alternatively, this Court has personal jurisdiction over Okwose under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law; on information and belief, Okwose is not subject to jurisdiction in any State's courts of general jurisdiction; and Okwose purposefully directs her infringing sales to consumers in the United States by offering the infringing products for sale and shipment to United States addresses.

9. Venue is proper in this District under 28 U.S.C. § 1391(c)(3), because Okwose does not reside in the United States and may be sued in any judicial district; under 28 U.S.C. § 1400(a), because Okwose may be found in this District; and by Okwose's consent.

## IV. FACTS

### A. Plaintiff and the Subject Works

10. Plaintiff is the author and owner of all right, title, and interest in the four original works identified below, each of which is registered with the United States Copyright Office:

a. Bear Adventure Busy Book (also marketed as Bear Adventure Quiet Book), U.S. Copyright Reg. No. VA0002469110, effective December 1, 2025;

b. Wild Lion Busy Book (also marketed as Wild Lion Quiet Book), U.S. Copyright Reg. No. VA0002469107, effective December 1, 2025;

c. Fairy Theme Garden Busy Book (also marketed as Fairy Theme Garden Quiet Book), U.S. Copyright Reg. No. VA0002469105, effective December 1, 2025; and

d. Berry Tale Busy Book (also marketed as Berry Tale Quiet Book), U.S. Copyright Reg. No. VA0002468423, effective July 27, 2025.

11. Each Subject Work was first published in the United States on June 22, 2025. Each consists of a cover and interior pages of original artwork, including original characters, scenes, composition, arrangement, line work, and color schemes, executed in felt. Each Subject Work is registered as a pseudonymous work under Plaintiff's pseudonym, “Leo Corners.” The certificates for the Bear Adventure, Wild Lion, and Fairy Theme Garden works identify Plaintiff as author and copyright claimant and the authorship as “2-D artwork”; the certificate for the Berry Tale work identifies “Leo Corners” as author and claimant and the authorship as “quiet books made from felt cloth.” The certificates of registration, and the photographs deposited with the Copyright Office for each Subject Work, are attached as Exhibit A.

12. Plaintiff sells the Subject Works with a name chosen by the customer stitched on the cover. The personalized name does not change the artwork of the cover or of any page.

### B. Okwose's Infringing Copies

13. Okwose reproduces, displays, distributes, offers for sale, and sells felt activity books that copy the protected expression of the Subject Works, including their covers, characters, page designs, and arrangement, without Plaintiff's authorization. Her copies differ from the Subject Works only in the personalized name on the cover, the color of individual elements, or the photographs used to advertise them.

14. Okwose sells copies of the Subject Works through her Etsy storefront at https://www.etsy.com/shop/jojoxgifts. Her listing at https://www.etsy.com/listing/4548971135 offers personalized felt books in styles titled "Bear Adventure," "Lion Friends," "Mushroom House," and "Strawberry Season," which reproduce the Subject Works. The interior pages of Okwose's copies reproduce page designs from the Subject Works, including the cake, rainbow, airplane, acorn, unicorn, and owl pages. A true and correct copy of Okwose's listing as it appeared on October 16, 2026 is attached as Exhibit B.

15. Okwose offers her copies for sale and shipment to customers in the United States. Her listing quotes a shipping cost and delivery dates for shipment from the United Kingdom to an address in the State of Washington. (Ex. B.) On October 16, 2026, the listing was marked "Bestseller" and stated: "In demand. 29 people bought this in the last 24 hours." (*Id.*)

16. Okwose's storefront has operated on Etsy since approximately March 2026; as of October 16, 2026, Etsy described the shop as "7 months on Etsy." (Ex. B.) On information and belief, Okwose began offering copies of the Subject Works after the effective dates of the registrations identified in Paragraph 10.

### C. Notice, Counter-Notification, and Continued Infringement

17. On September 10, 2026, Plaintiff's counsel submitted to Etsy a notification of claimed infringement under 17 U.S.C. § 512(c)(3) identifying seven of Okwose's listings that reproduce the Subject Works: Etsy listing numbers 4564971991, 4553786538, 4548971135, 4564109267, 4550166516, 4554911707, and 4565919349 (the "Noticed Listings"). Etsy disabled access to the Noticed Listings.

18. Okwose then submitted a counter-notification to Etsy concerning all seven Noticed Listings. In it, she stated: "I swear under penalty of perjury that I have a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material." Etsy forwarded the counter-notification to Plaintiff's counsel and advised that, absent notice of a court action, Okwose could reactivate the Noticed Listings on September 25, 2026. A true and correct copy of Etsy's notice, including the counter-notification, is attached as Exhibit C.

19. Okwose's statement was false, and Okwose knew it was false when she made it. Her counter-notification identified no mistake and no misidentification, and none existed: the Noticed Listings depicted page-for-page copies of the Subject Works (compare Ex. A with Ex. B). The Noticed Listings were not removed by mistake or because of

misidentification: they were removed because they offered copies of the Subject Works, which Okwose knew she had not created and had no authorization to sell.

20. In reliance on Okwose's counter-notification, Etsy permitted the Noticed Listings to be reinstated, and Okwose resumed selling copies of the Subject Works.

21. On October 2, 2026, Plaintiff's counsel wrote to Okwose at the email address she provided in her counter-notification, identified the pending federal action, and demanded that she remove all listings incorporating Plaintiff's works. On October 6, 2026, Okwose asked for the registrations and for identification of the designs at issue. On October 8, 2026, Plaintiff's counsel provided the registration numbers and public records for the Works, a link to an image of each Work, and the URLs of the seven listings; demanded removal of the remaining infringing listings within five days; and advised that "any continued or future use of the works . . . is undertaken with actual knowledge of our client's rights." Okwose removed some, but not all, of the listings. On October 13, 2026, she wrote that she would "verify and arrange processing within one week"; the same day, Plaintiff's counsel allowed a further 48 hours for removal of all infringing listings.

22. Okwose did not remove all of the infringing listings. Six of the Noticed Listings are no longer active, but Okwose kept Noticed Listing 4548971135, her "Bestseller," which remains active. As of October 16, 2026, that listing was selling copies of the Subject Works at the rate described in Paragraph 15. (Ex. B.)

23. Okwose's infringement is willful. She continued to sell copies of the Subject Works after receiving notice of Plaintiff's claims through Etsy's notice process, after swearing to a

counter-notification she knew to be false, and after repeated written demands from Plaintiff's counsel.

24. Okwose's infringement has caused and continues to cause Plaintiff irreparable harm, including lost sales, the erosion of Plaintiff's prices by Okwose's discounted copies, the loss of control over the quality and reputation of his designs, and the cost of monitoring and reporting infringing listings.

25. Plaintiff has no adequate remedy at law. Monetary damages cannot fully compensate for the loss of control over his designs or for sales that cannot be traced, and Okwose resides outside the United States, where any money judgment may be difficult to enforce. The balance of hardships favors Plaintiff, because Okwose has no legitimate interest in selling copies of works she does not own, and the public interest favors protecting copyrights.

**COUNT I**

**Copyright Infringement, 17 U.S.C. §§ 106, 501**

26. Plaintiff incorporates the preceding paragraphs by reference.

27. Plaintiff owns valid, registered copyrights in the Subject Works.

28. Okwose, without Plaintiff's authorization, has reproduced, displayed, distributed, offered for sale, and sold copies of the Subject Works, infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

29. Okwose's infringement was willful, or at a minimum in reckless disregard of Plaintiff's rights.

30. Plaintiff is entitled, at his election, to actual damages and Okwose's profits under 17 U.S.C. § 504(b) or to statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 per work infringed for willful infringement; to injunctive relief under 17 U.S.C. § 502; to impoundment and disposition of infringing articles under 17 U.S.C. § 503; and to costs and attorney's fees under 17 U.S.C. § 505.

**COUNT II**

**Misrepresentation in Counter-Notification, 17 U.S.C. § 512(f)**

31. Plaintiff incorporates the preceding paragraphs by reference.

32. Okwose knowingly and materially misrepresented, under 17 U.S.C. § 512(g)(3), that the Noticed Listings were removed or disabled by mistake or misidentification.

33. Etsy relied on Okwose's misrepresentation in permitting the Noticed Listings to be reinstated.

34. Plaintiff was injured as a result, including through Okwose's renewed sales of copies of the Subject Works and the costs of further enforcement. Under 17 U.S.C. § 512(f), Okwose is liable for Plaintiff's damages, including costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Okwose, and:

A. Permanently enjoin Okwose, her agents, servants, employees, and attorneys, and all other persons in active concert or participation with her, from reproducing, displaying,

distributing, offering for sale, or selling copies of the Subject Works, and from operating any online storefront or listing for that purpose;

B. Upon notice to the affected service provider as required by 17 U.S.C. § 512(j)(3), grant such relief under 17 U.S.C. § 512(j) as the Court finds appropriate with respect to specifically identified listings offering copies of the Subject Works;

C. Order the impoundment and destruction of all infringing copies under 17 U.S.C. § 503;

D. Award Plaintiff, at his election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement, or his actual damages and Okwose's profits under 17 U.S.C. § 504(b);

E. Award Plaintiff damages against Okwose under 17 U.S.C. § 512(f), including costs and attorney's fees;

F. Order Okwose to account for all sales of copies of the Subject Works;

G. Award Plaintiff his costs and reasonable attorney's fees under 17 U.S.C. § 505;

H. Award pre-judgment and post-judgment interest as permitted by law; and

I. Grant such other and further relief as the Court deems just and proper.

Dated: October 18, 2026

Respectfully submitted,

/s/ David Bosland
David Bosland, Esq.
WA Bar No. 47992
Motion for admission pro hac vice to be filed
Bosland Law, PLLC
1916 Pike Place Ste 12 #1504
Seattle, WA 98101
david@bosland.law
206 289-0156
Attorney for Plaintiff, Cuong Nguyen